UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LUCHYNA KIMBREL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-161-TAV-CCS |
| | ) | |
| D.E.A. CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral from Chief District Judge Varlan [Doc. 32].

Now before the Court is Plaintiffs' Motion for Order Adding Opt-In Plaintiffs, or in the Alternative, Plaintiffs' Motion for Permissive Joinder [Doc. 27] and the Defendants' Response in Opposition [Doc.27]. The Court finds that this motion is now ripe for adjudication, and for the reasons stated herein, the Plaintiffs' Motion will be **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

Plaintiffs filed their Complaint in this case on April 22, 2014 and filed an Amended Complaint on May 19, 2014. After Defendants filed their Answer, the parties filed a Joint Motion for Conditional Certification of the Fair Labor Standards Act Collective Action. On July 30, 2014, the Chief District Judge entered a Consent Order allowing individuals who desired to participate/join the subject lawsuit to opt-in within eighty days from July 30, 2014 – *i.e.* by

October 20 or 26,[1] 2014. [Docs. 19, 23]. The Defendants were ordered to "provide Plaintiffs, within thirty (30) days of the entry of [the] Consent Order, a list of name and last known addresses, for all individuals who performed work at Defendant's establishment as entertainers during the three (3) years prior to April 22, 2011 or who are currently so working." [Doc. 23 at 1].

On November 4, 2014, Keyshia Burns sought to join the collective action. On November 11, 2014, Sara Hassan sought to join the collective action, and on December 8, 2014, Brandy Hill sought to join the collective action.

## II.     POSITIONS OF THE PARTIES

Plaintiffs move the Court to enter an Order adding Ms. Burns, Ms. Hill, and Ms. Hassan as opt-in plaintiffs to this collective action. Alternatively, Plaintiffs move the Court to permit Ms. Burns, Ms. Hill, and Ms. Hassan to joint this action pursuant to Rule 20 of the Federal Rules of Civil Procedure. In support of the requested relief, Plaintiffs state that good cause exists for allowing these potential plaintiffs to join the class. Plaintiffs assert that Defendants failed to disclose Ms. Burns or Ms. Hill and failed to provide a correct address for Ms. Hassan, despite the fact that Ms. Hassan still works for Defendants. Plaintiffs maintain that permitting Ms. Burns, Ms. Hill, and Ms. Hassan to join the class would not prejudice the Defendants, because: (1) these potential plaintiffs filed their opt-in forms just outside the deadline and (2) if the Court were to deny the request to join the collective action, Ms. Burns, Ms. Hill, and Ms. Hassan could still file individual suits against the Defendants. With regard to their alternative relief, the Plaintiffs

---

[1] The Plaintiffs propose that the date for opting in was October 26, 2014, while the Defendants posit that the date was October 20, 2014. Neither party has expounded upon why their proposed date is correct, and the six-days difference between the proposed dates does not change the Court's analysis of the issue.

argue that Ms. Burns, Ms. Hill, and Ms. Hassan should be permitted to join the class because they fulfill the criteria of Fed. R. Civ. P. 20(a)(1).

The Defendants respond that Ms. Burns, Ms. Hill, and Ms. Hassan failed to meet the deadline set by the Court. The Defendants maintain that permitting these three plaintiffs to join would "create the possibility of an endless flow of potential [p]laintiffs contrary to the spirit and intent of this Court's Order . . . ." [Doc. 31 at 2]. The Defendants do not address Plaintiffs' allegation that Defendants did not disclose Ms. Burns or Ms. Hill, but with regard to Ms. Hassan, the Defendants note that she moved residences twice within a three-week period. Defendants contend that they cannot be expected to keep current information under such circumstances. Defendants argue that they will be prejudiced by the addition of these potential plaintiffs, because permitting them to join would increase the number of plaintiffs and potentially lead to additional discovery. Defendants note that this case was pending approximately six months prior to the deadline for opting-in, and they maintain that Ms. Burns, Ms. Hill, and Ms. Hassan had adequate time to opt-in to the litigation.

### III. ANALYSIS

The Court of Appeals for the Sixth Circuit has not directly considered the issue before the Court. However, the District Court for the Southern District of Ohio, which is within the Sixth Circuit, has described the state of the law well, explaining:

> The FLSA provides the procedure for potential plaintiffs to opt-in to a collective action but does not specify when the potential plaintiff must opt-in. See 29 U.S.C. §§ 216(b), 255, 256. Consequently, deadlines to opt-in are established by the trial court. The FLSA also does not "provide a standard under which a court should consider whether to include opt-in plaintiffs whose consent forms are filed after the court-imposed deadline has passed."

3

> Ruggles v. Wellpoint, Inc., 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009).
>
>> Although the caselaw on this issue is wide-ranging, courts have generally decided the question by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA.
>
> Id. (citing Ayers v. SGS Control Servs., Inc., 2007 WL 3171342, at *4–5 (S.D.N.Y. Oct. 9, 2007) (requiring that late opt-in plaintiffs show good cause for their untimely consent filings), Robinson–Smith v. Gov't Empl. Ins. Co., 424 F. Supp. 2d 117, 123–24 (D.D.C. 2006) (considering the potential prejudice to the defendant and the purposes of the FLSA), Raper v. State of Iowa, 165 F.R.D. 89, 92 (S.D. Iowa 1996) (considering potential prejudice to the defendant and judicial economy), Monroe v. United Air Lines, Inc., 94 F.R.D. 304, 305 (N.D. Ill. 1982) (considering how long after the deadline the consent forms were filed); but see Reyes v. Texas Ezpawn, L.P., 459 F. Supp. 2d 546, 566–67 (S.D. Tex. 2006) (dismissing plaintiffs who filed consent forms after the opt-in period without any discussion of the above factors)).

Heaps v. Safelite Solutions, LLC, No. 2:10-CV-729, 2011 WL 6749053, at *1 (S.D. Ohio Dec. 22, 2011).

Consistent with the above, the Court in Hurt v. Commerce Energy, Inc., 2014 WL 494571, No. 1:12-CV-758 (N.D. Ohio Feb. 6, 2014), recently considered five factors in determining to permit late opt-ins: "(1) whether good cause exists for the untimeliness; (2) prejudice to the defendant; (3) how late the opt-in notices are; (4) judicial economy; and (5) the remedial purposes of the FLSA." Id. at *1. Despite the Plaintiffs offering no good cause for the untimeliness, the court in Hurt found that the late opt-ins should be permitted to join the collective action because less than a month had passed since the opt-in deadline, judicial economy would be served by permitting one action, the addition of the late opt-ins would not

4

overly burden the defendants, and the remedial purpose of the FLSA would be served by permitting the late opt-ins to join the collective action. Id. at *1-2.

In the instant case, the Court first finds that good cause exists for the untimeliness. The Defendants' failure to disclose Ms. Burns and Ms. Hill supports finding good cause for the delay. The Court also finds that the failure to provide an up-to-date address for Ms. Hassan supports finding good cause for the delay. While the Court is not prepared to find that an employer is charged with constantly updating its records to reflect a change of address, the Defendant has failed to demonstrate what diligence it exercised to ensure that the addresses it provided for current employers were current.

Second, the Court finds that there is little danger of prejudice to the Defendants. The Defendants argue that the addition of Ms. Burns, Ms. Hill, and Ms. Hassan will increase the number of members of the collective action by approximately fifty percent. However, the addition of these potential plaintiffs will have virtually no effect on the Defendants' potential liability, because even if they are not permitted to opt-in, they could either join the suit under Rule 20 or file their own suit. To the contrary, it appears that, to a degree, the Defendants would be prejudiced by these potential plaintiffs not joining the class, because the Defendants would potentially be charged with defending separate suits. Further, the Court finds that any discovery relating to these three additional plaintiffs would be a *de minimis* burden.

Moreover, the Defendants have not pointed the Court to any evidence that would support their parade of horrible argument that potential plaintiffs will continue to present themselves and attempt to opt-in to this action. To ensure that such does not occur, the Court will not accept any additional opt-in plaintiffs in this case, absent a showing of extraordinary good cause.

5

Third, the Court finds that, regardless of whether the Court employs the opt-in deadline as calculated by the Plaintiffs or the opt-in deadline as calculated by the Defendants, Ms. Burns, Ms. Hill, and Ms. Hassan's elections to opt-in were only a few weeks late. The Court finds that such brief delay weighs in favor of permitting Ms. Burns, Ms. Hill, and Ms. Hassan to join the collective action.

Fourth, the Court finds that permitting Ms. Burns, Ms. Hill, and Ms. Hassan to join the collective action will further judicial economy, because the Court will not be required to supervise and dispose of separate, but essentially identical, cases.

Finally, the Court finds that permitting Ms. Burns, Ms. Hill, and Ms. Hassan to join the collective action is consistent with the remedial purposes of the FLSA. As the court in Heaps explained: "[A] generous reading, in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines." 2011 WL 6749053, at *2 (quoting Kelley v. Alamo, 964 F.2d 747, 750 (8th Cir. 1992)).

Based upon the foregoing, the Court finds that the Plaintiffs' request to permit Ms. Burns, Ms. Hill, and Ms. Hassan to join this collective action is well-taken and it will be granted. Because Ms. Burns, Ms. Hill, and Ms. Hassan are going to be permitted to join the collective action, the Court finds that the Plaintiffs' request for alternative relief under Rule 20 of the Federal Rules of Civil Procedure is now moot.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Order Adding Opt-In Plaintiffs, or in the Alternative, Plaintiffs' Motion for Permissive Joinder **[Doc. 27]** is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. It is **ORDERED** that Keyshia Burns, Brandy Hill, and Sara Hassan are added to the conditionally-certified collective action;

2. The Plaintiffs' alternative prayer for relief under Rule 20 of the Federal Rules of Civil Procedure is **DENIED AS MOOT**; and

3. It is **ORDERED** that any person attempting to join this collective action following the entry of this Memorandum and Order will be required to demonstrate exceptional good cause rather than just good cause, as part of the five-factor analysis under Heap.

**IT IS SO ORDERED.**

ENTER:

　　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge